UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TIMOTHY BAKELAAR,**
an individual,
           Plaintiff,

v.

**CALVIN COLLEGE,**
a Domestic Nonprofit Corporation,
           Defendants.

Hon.
Case No.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COME the Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

2. Defendants violated the FLSA by failing to pay Plaintiff time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate.

3. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorney's fees and costs

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

6. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

7. Defendant corporation's annual sales exceed $500,000, and employs more than two persons, so the FLSA applies in this case on an enterprise basis.

8. Defendant corporation Calvin College. is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

9. Defendant corporation Calvin College at all times relevant had authorization to conduct business in the State of Michigan.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

11. Plaintiff Timothy Bakelaar ("Bakelaar") is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

12. Plaintiff has worked for Defendants as a Building Services Supervisor from November 2007 to March 2017.

13. Plaintiff executed a consent to sue form, attached hereto as *Exhibit 1*.

14. Defendant Calvin College is a domestic nonprofit corporation and is located at 3201 Burton Street South East in Grand Rapids, Michigan.. *Exhibit 2*.

15. Defendant Calvin College is a Christian regional degree granting institution. *See* https://calvin.edu/ (last visited on August 6, 2018).

16. Defendant Calvin College and/or its employees, agents, and/or officers, at all relevant times to this complaint, set Plaintiff's schedule and directed Plaintiff's activities at work.

17. Defendant Calvin College employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

18. Plaintiff worked for Defendant from November 2007 to March 2017.

19. Plaintiff worked as a Building Services Supervisor during his entire employment with Defendant.

20. Plaintiff's daily responsibilities included, *inter alia*, assemble chairs, tables, decorations for special events, cleaning, resurfacing floors, getting classrooms ready for Fall semester, and general maintenance of buildings.

21. Plaintiff was paid in the amount of $16.25 per hour.

22. Plaintiff was paid via check bi-weekly.

23. Plaintiff worked 2nd shift, and usually performed work between the hours of 3:00 PM to 11:30 PM, Monday through Friday.

24. Plaintiff usually worked around forty-five (45) hours per week not including lunch breaks that he frequently worked through.

25. Plaintiff was instructed to take out or deduct a half an hour lunch break from his time daily.

26. Plaintiff frequently worked through lunch breaks which time was later automatically deducted from his paycheck.

27. Defendant was aware of Plaintiff working through lunches and continued to deduct that time from his timecard.

28. Plaintiff was never paid overtime premium for hours worked over forty (40).

29. If Plaintiff recorded overtime hours, Defendant would cut Plaintiff's hours as to avoid paying Plaintiff overtime premium.

30. For most of his employment with Defendant, Plaintiff would not record thirty (30) minutes worth of compensable work time.

31. Shortly before his termination, Plaintiff began recording the previously unrecorded thirty (30) minutes worth of compensable work time.

32. As a result of recording his full hours, Defendant terminated Plaintiff.

33. Plaintiff was not paid overtime for hours that exceeded forty (40) hours in a single work week.

## **WILLFUL VIOLATIONS OF THE FLSA**

34. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

35. Defendant is a sophisticated business with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

36. Defendant would routinely cut Plaintiff's hours if Plaintiff's hours reached or was about to reach forty (40) hours in a work week.

37. Defendant fired Plaintiff for recording compensable time that would put him above forty (40) hours.

38. Defendants did not furnish or display the Department of Labor posting notifying employees of their wage rights.

39. Defendant utilized its business to subvert their obligations under federal law.

40. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

41. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Plaintiff was an "employee" of Defendant as the term is defined under the FLSA.

43. At all times relevant to this action, Defendant "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

44. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

45. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

46. Defendants' violations of the FLSA were knowing and willful.

47. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

48. As a result of Defendant's violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests the following relief:

A.  The actions of the Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff the full amount of damages and liquidated damages available to him under the FLSA;

C.  An Order awarding reasonable attorney fees and costs incurred by Plaintiff under the FLSA as provided by statute;

D.  An Order awarding such other and further relief as this Court deems appropriate.

Dated: November 30, 2018                    Respectfully Submitted,

/s/  Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Timothy Bakelaar, by and through his attorneys, and hereby requests a trial by jury pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/  Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 8-8-2018

Timothy Steven Bakelaar